### JAMES M. McALISTER *v.* J. R. PATTERSON.

**Trial—Preponderance of Evidence—Provience of Jury.**
     It is the provience of the jury to decide on which side the evidence
   preponderates, and their finding will not be disturbed.

**Same—Instructions—Isolated Facts.**
     A judgment will be reversed where an instruction restricts the inquiry
   to the isolated facts.

APPEAL FROM GRAVES CIRCUIT COURT.

February 22, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

   It was the province of the jury to decide, on which side the evi-
dence preponderated, and this court is not disposed to interfere
with their finding.   But instructions Nos. 3 and 4 are erroneous
and prejudicial to appellants and cannot, therefore, be sustained.
By instruction No. 3 they are told that unless they believe from
the evidence that the plaintiff contracted with the defendant to

treat his eyes for ten dollars, they must find for the plaintiff the full amount of the account sued on, making the right of appellee to recover depend alone upon their belief or non-belief of the existence of a contract to treat appellant's eyes for $10, without regard to any proof of the value of services rendered, or attention given to appellant, it withdraws from the jury the consideration of any other fact except whether there was a special contract to treat appellant's eyes for $10, and if they find against him, they are to find the full amount of appellee's account at all events. In the fourth instruction their attention is directed to the inquiry whether they believed from the evidence that there was a special contract, and that it was subsequently by mutual consent abandoned, then without regard to proof of any attention rendered, services performed or value of either the whole amount of appellee's account was to be their verdict. For restricting the inquiry to the isolated facts named in said instructions, the judgment is *reversed,* and the cause remanded, with directions to award a new trial and for further proceedings consistent herewith.

*Anderson & Blount, for appellant.*

*Boon & Anderson, Tice & Miller, for appellee.*